## Menihan v. Bear.  No. 1.

*Practice, C. P.—Affidavit of defence in lieu of demurrer—Sufficiency— Rules of court—Practice Act of 1915.*

1. An affidavit of defence in lieu of demurrer which avers that the plaintiff's statement of claim does not set up a valid cause of action sufficiently conforms to the Practice Act of May 14, 1915, P. L. 483.

2. Rules of court adopted before the passage of the act have no application.

Rule to strike off affidavit of defence in lieu of demurrer. C. P. Berks Co., June T., 1923, No. 87.

*John A. Keppelman*, for plaintiff and rule.

*Harvey F. Heinly*, for defendant.

BIDDLE, P. J., 9th judicial district, specially presiding, Oct. 11, 1923.—The plaintiff's action in this case is based upon a promissory note drawn by the defendant and delivered to the plaintiff, who was the first endorser thereon, there being a number of other endorsers. It was averred that the note was not paid at maturity, but that it was duly protested for non-payment, and that the defendant has since refused to pay it. To this statement of claim an affidavit of defence in lieu of demurrer was filed, averring that the plaintiff's statement of claim sets forth no cause of action against the defendant. The plaintiff subsequently obtained a rule to show cause why this demurrer should not be stricken off, and this rule is before us for disposition. The plaintiff's contention is that the affidavit of defence fails to conform with the Practice Act of 1915, and that it also violates section 267 of the rules of court of this county.

As we view it, the case is controlled by the provisions of the Practice Act of 1915, and the rules of court of this county, which we are advised were

4 D. & C.

adopted prior to the passage of that act, have no application. In our opinion,· the affidavit of defence filed conforms with the requirements of the Practice Act of 1915, and while it might set out with greater definiteness than it does the ground for contending that the statement of claim was insufficient, we think the averment that the statement of claim does not set up a valid cause of action against the defendant is sufficient.

At the argument of the pending rule, defendant's counsel stated that it would be contended by the defendant that the statement of claim showed the ownership of the note in question to be in some one other than the plaintiff, so that the plaintiff will now have full information of what it will be called on to meet when it comes to the disposition of the question of law raised by the affidavit of defence in lieu of demurrer, and as the pleading is amendable, no good purpose would be served by striking off the affidavit of defence in lieu of demurrer, even if it were insufficient.

And now, to wit, Oct. 11, 1923, the pending rule is discharged.

From Wellington M. Bertolet, Reading, Pa.